FILED
 2007 Jul-09  PM 04:24
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JUDY ZDONEK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV 07-B-0044-NW |
| | ) |
| **UNITED STATES POST OFFICE,** | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Doc. 2.)[1] Plaintiff Judy Zdonek filed this case against defendant, the United States Post Office, in the Small Claims Court of Madison County, Alabama, alleging that defendant wrongfully failed to pay for damage to insured parcels and it retained possession of her property. Defendant removed the case to this court and filed a Motion to Dismiss/Motion for Summary Judgment. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss is due to be denied and its Motion for Summary Judgment is due to be granted.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I. **STANDARDS**

### A. 12(b)(1) MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(1), a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Plaintiffs, as the parties invoking jurisdiction, bear the burden of establishing the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994).

Attacks on subject matter jurisdiction under Rule 12(b)(1) occur in two forms: facial attacks and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982). "'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true." *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999)(quoting *Lawrence*, 919 F.2d at 1528-29). Therefore, "when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). "Factual attacks, on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Cook Oil Co., Inc. v. United States*, 919 F. Supp. 1556, 1559 (M.D. Ala. 1996)(quoting *Lawrence*, 919 F.2d at 1529).

Defendant has submitted evidence with its Motion to Dismiss; therefore, defendant's challenge to the court's subject-matter jurisdiction in a factual challenge.

## B. SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in her favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every

inference but only of every ***reasonable*** inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. STATEMENT OF FACTS

On November 28, 2006, plaintiff filed this case against defendant in the Small Claims Court of Madison County, Alabama. (Doc. 1 at 4.) She asked for $1,500 based on her allegation that defendant did not "pay on an insurance claim and [it] kept [her] items." (*Id.*)

Plaintiff filed a claim for damage on the insured parcels on May 15, 2006. (Doc. 3, Ex. A ¶ 2.) Plaintiff told a Post Office Claims Clerk that she had mailed three Playstations to Pennsylvania in an insured parcel and that the Playstations had arrived in a damaged condition. (*Id.* ¶ 3.) The recipient mailed the Playstations back to plaintiff in an uninsured parcel; he did not return the packaging in which the Playstations were shipped. (*Id.* ¶ 4.) The Claims Clerk noted that only one of the three Playstations showed "physical damage." (*Id.*, ex. 1 at 2.)

Defendant denied plaintiff's claim on July 27, 2006. (Doc. 3, Ex. B, ex. 1.) Its letter to plaintiff stated:

> Information received from postal personnel indicates they were unable to find evidence the parcel was damaged while in our custody. The Postal Service does not accept liability for damage not confirmed by postal personnel. In this particular case, no one in the Postal Service was afforded the opportunity to inspect the damaged article while in the possession of the addressee. This must be done before repair or subsequent shipping. The article, container, and the packing must be presented to file a claim for damage.
>
> The item in question was returned to the mailer before postal liability was established. There is no evidence to substantiate that the parcel presented was

damaged under the original insurance coverage. Since there is no physical evidence of postal damage or mishandling nor could postal authorities find any visible sign of damage to the exterior or interior that was consistent with the condition of the article, we have no alternative but to deny your claim.

If you wish to retrieve this article, you may do so by presenting this letter to the Post Office holding the parcel. This must be done within the next (60) days or the article will be disposed of in accordance with Postal Regulations. Be advised, the article must be picked up by the local patron of the holding Post Office.

Should you disagree with this decision and wish to pursue the appeals process, the article should be retained by the holding Post Office, until the appeals process has been exhausted, unless it presents a hazard to postal personnel.

Appeals to this decision must be submitted in writing within 60 days from the date of this letter. To file an appeal, return a copy of this letter along with any additional information you have to support your appeal . . . .

(*Id*.)

Within the time allowed, plaintiff appealed defendant's decision. (*Id*., ex. 2.) This appeal was also denied on the ground that plaintiff did not have the original packaging and, "this office cannot overturn the original decision to deny the claim." (*Id*., ex. 3.) Defendant stated, "We are bound by specific guidelines set forth by U.S. Postal Service Headquarters. Based on those guidelines, the disallowance of this claim must be sustained." (*Id*.) However, defendant informed plaintiff that she could appeal the denial of her claim to defendant's "Vice President & Consumer Advocate". (*Id*.)

Plaintiff did not appeal the denial of her claim to the Vice-President/Consumer Advocate. She did, however, file a claim in the Small Claims Court of Madison County, Alabama. Defendant removed plaintiff's case to this court.

5

### III. **DISCUSSION**

**A.  MOTION TO DISMISS FOR LACK OF JURISDICTION**

Defendant contends that plaintiff's failure to exhaust her administrative remedies set forth in defendant's administrative regulations deprives this court of subject-matter jurisdiction.  (Doc. 4 at 5-6.)  The court disagrees.

Failure to exhaust administrative remedies deprives the court of subject matter jurisdiction when the exhaustion of administrative remedies is "a statutorily mandated exhaustion requirement, in which Congress has specifically precluded review of a claim before administrative remedies have been exhausted."[2]  *Tennessee Valley Authority v.*

---

[2]The Eleventh Circuit, discussing procedures established by the EPA, stated:

> The executive orders cited by EPA are not on a par with a statutorily mandated exhaustion requirement, in which Congress has specifically precluded review of a claim before administrative remedies have been exhausted.  In such cases, Congress has created the statutory scheme under which the right of judicial review is available in the first place, and so it has the power to specify at what point in the process the courts have jurisdiction over the claim.  But the executive orders here do not operate pursuant to Congressional authority, nor are they a part of the statutory scheme . . . under which TVA is seeking judicial review.  The Executive Branch does not confer the necessary jurisdiction on the courts in the first place, and thus we fail to see how an order governing the internal procedures of the Executive Branch could, in and of itself, operate to deprive this Court of jurisdiction if the parties satisfied the relevant statutory requirements for judicial review.

*Tennessee Valley Authority v. Environmental Protection Agency*, 278 F.3d 1184, 1202 (11th Cir. 2002)(footnote omitted).

*Environmental Protection Agency*, 278 F.3d 1184, 1202 (11th Cir. 2002), *opinion withdrawn in non-pertinent part*, 336 F.3d 1236 (11th Cir. 2003).

The Congress has not required administrative exhaustion before this court may review defendant's decision with regard to payment of insurance claims. Therefore, the court finds that plaintiff's failure to exhaust her administrative remedies does not deprive the court of jurisdiction. However, defendant's regulations require such exhaustion; therefore, plaintiff's failure to exhaust her administrative remedies bars her claim.

## B. SUMMARY JUDGMENT

The Domestic Mail Manual [DMM][3] provides:

> If the addressee files the claim, the addressee must present the damaged article and mailing container, including any wrapping, packaging, and any other contents that were received to the USPS for inspection. If the mailer files the claim, the St. Louis ASC will notify the addressee by letter to present the damaged article and mailing container, including any wrapping, packaging, and any other contents that were received, to the USPS for inspection. Failure to do so will result in denial of the claim.

DMM 609.2.2. These standards may be waived in favor of the customer by the Consumer Advocate, but only after a claim is adjudicated and sustained on appeal. DMM § 609.6.3.

The record evidence shows that plaintiff did not present the original packaging of her parcel to defendant. Therefore, under the clear terms of the postal regulations, defendant

---

[3]The DMM, "which is issued pursuant to the Postal Service's power to adopt regulations, 39 U.S.C. § 401, is incorporated by reference into 39 C.F.R. Part 111." *Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60, 62 n.2 (1983). The DMM is available at <<http://pe.usps.gov/text/dmm300/dmm300_landing.htm>>.

denied her claim.  The requirement that plaintiff present the original packaging can only be waived by an appeal to the Consumer Advocate.  Plaintiff did not appeal to the Consumer Advocate to waive the requirement that she produce the original packaging.

The court finds that plaintiff has not shown a question of fact as to whether she is entitled to payment under the insurance agreement with defendant.  Therefore, plaintiff's claim is due to be dismissed.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendant is entitled to judgment as a matter of law.  An Order denying defendant's Motion to Dismiss and granting its Motion for Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 9th day of July, 2007.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE